JUDGE PAULEY

14 CV 8216 COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
MULTIMEDIA PLUS, INC. AND
MULTIMEDIA TECHNOLOGIES, LLC,

                Plaintiffs,

  -against-

PLAYERLYNC LLC

                Defendants.
----------------------------------------------------------------- x

COMPLAINT

DEMAND FOR JURY

14 Civ.

RECEIVED OCT 14 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs Multimedia Plus, Inc. and Multimedia Technologies, LLC ("Plaintiffs"), by and through their attorneys, Kane Kessler, P.C., as and for their Complaint for patent infringement against the Defendant, PlayerLync, LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. In this action for patent infringement, Plaintiffs, whose principal, David Harouche, is the inventor of the patent identified hereafter, seeks to restrain and enjoin Defendant from infringing Plaintiffs' patent for a hosted learning management system and method for training employees and damages for past infringement.

2. Defendant has developed, advertised, marketed, offered for sale, and sold software platforms for learning management systems under the names PlayerLync and PlayerLync Enterprise Edition, which infringe Plaintiffs' patent and cause others to infringe the claims of Plaintiffs' patent.

3. Accordingly, Plaintiffs seek a judgment that Defendant's software platforms for learning management systems infringe Plaintiffs' patent, entitling Plaintiffs to an award of all damages adequate to compensate Plaintiffs for Defendant's infringement of the patent, that such damages be trebled under 35 USC § 284 and awarded to Plaintiffs with prejudgment interest;

that this case be adjudged an exceptional case under 35 USC § 285, and that Plaintiffs be awarded its attorneys' fees, costs, and expenses incurred in this action; and that Defendant be enjoined from further infringement of Plaintiffs' patent.

## THE PARTIES

4. Plaintiff Multimedia Technologies, LLC ("MMT") is a New York limited liability company with its principal place of business at 2001 Marcus Avenue, Suite N122, Lake Success, NY 11042. Pursuant to a duly recorded assignment from the inventor David Harouche, Plaintiff MMT is the owner of US Patent No. 7,293,025 ("the '025 patent").

5. Plaintiff Multimedia Plus, Inc. ("MMP") is a New York corporation with its principal place of business at 853 Broadway, Suite 1605, New York, NY 10003 and with a website at www.multimediaplus.com. Plaintiff MMP is the exclusive licensee of the '025 patent. Plaintiff MMP has been making, using, selling, and offering to sell learning management systems of the type described and claimed in the '025 patent for over 10 years and is recognized as a leader and an innovator in the industry.

6. On information and belief, Defendant PlayerLync LLC is a limited liability company with its principal place of business located at 9085 E. Mineral Circle, Suite 160, Englewood, CO 80112 and doing business on the internet at www.playerlync.com.

7. On information and belief, Defendant makes, sells, offers for sale in the United States and this judicial District, and/or imports into the United States and this judicial District, software platforms for learning management systems that infringe one or more of the claims of the '025 patent.

## JURISDICTION AND VENUE

8. This is a civil action for willful patent infringement arising under the patent laws of the United States, 35 USC § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendant, *inter alia*, under New York State's long arm statute, CPLR § 302(a)(1) because Defendant transacts business within the state and supplies goods or contracts to supply goods in the state.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) in that a substantial part of the events giving rise to the claims of this action occurred in this district, in that Defendant has regularly conducted business in this judicial District and has committed acts of willful infringement in this District, including advertising, offering for sale, and selling the infringing product to customers in this District. Additionally, Plaintiff MMP resides in this District.

10. On information and belief, Defendant has placed infringing products into the stream of commerce by offering, selling, and/or shipping those products into this judicial District or knowing that the infringing software platforms for learning management systems would be offered, sold, used in, and/or shipped into this judicial District, and such products have been offered, sold, used in, and/or shipped in this judicial District.

## THE PATENT

11. On November 6, 2007, United States Patent No. 7,293,025 entitled "Hosted Learning Management System and Method for Training Employees and Tracking Results of Same" ("the '025 patent") was duly and legally issued to David Harouche, who assigned the

patent to Plaintiff MMT. A true and correct copy of the '025 patent is attached hereto as Exhibit 1 and is incorporated herein.

## FIRST CAUSE OF ACTION
### (Infringement of US Patent No. 7,293,025)

12.     Plaintiff repeats and realleges and incorporates by reference each and every allegation set forth in ¶¶ 1-11 above as if fully set forth herein.

13.     The '025 patent is valid and enforceable.

14.     Defendant has infringed and is currently infringing the '025 patent, in violation of 35 USC § 271 et seq. (including §§(a), (b), (c), and (f)), directly, indirectly, contributorily, and by inducement of and action with others, regarding making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody the patented invention, namely, the PlayerLync and PlayerLync Enterprise Edition software platforms. Defendant has had at least constructive notice of the '025 patent and, on information and belief, has had actual notice of the '025 patent.

15.     Defendant has induced and induces infringement by others of the claims of the '025 patent by selling in the US the infringing product and by actively inducing the performance of the method that embodies the patented invention.

16.     The infringing PlayerLync and PlayerLync Enterprise Edition software platforms offered and sold by Defendant facilitate remotely accessible training programs in ways that infringe one or more claims of the '025 patent. The infringing PlayerLync and PlayerLync Enterprise Edition software platforms are not staple articles of commerce, and Defendant knows or should know that these products have no substantial non-infringing uses.

17.     Defendant's infringement of the '025 patent has been and is willful and intentional. This is an exceptional case pursuant to 35 USC § 285.

18.     Plaintiffs have been injured and damaged by Defendant's infringement of the '025 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until such infringement is enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Multimedia Plus, Inc. and Multimedia Technologies, LLC pray for a judgment against Defendant as follows:

A.    That Defendant has infringed the '025 patent;

B.    That Defendant's infringement of the '025 patent is willful;

C.    That Defendant, its officers, agents, servants, employees, directors, attorneys, and all persons in active concert or participation with any of them, and their successors and assigns, be preliminarily and permanently enjoined from infringement of the '025 patent under 35 USC § 283;

D.    That Plaintiffs be awarded all damages adequate to compensate Plaintiffs for Defendant's infringement of the '025 patent, and that such damages be trebled under 35 USC § 284 and awarded to Plaintiffs with prejudgment interest;

E.    That this case be adjudged an exceptional case under 35 USC § 285, and that Plaintiffs be awarded its attorneys' fees, costs, and expenses incurred in this action; and

F.      That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 14, 2014

KANE KESSLER, P.C.

By: /s/ 

Barry E. Negrin
Gerard Schiano-Strain
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Multimedia Plus, Inc. and Multimedia Technologies, LLC demand a jury trial on all issues so triable.

Dated: New York, New York
October 14, 2014

KANE KESSLER, P.C.

By: _____
Barry E. Negrin
Gerard Schiano-Strain
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222
*Attorneys for Plaintiffs*