THOMAS A. KANE (1928-1977)
SIDNEY S. KESSLER (1936-1986)
JOSEPH NURNBERG (1978-2003)

DARREN S. BERGER*†
PETER CAMPITIELLO
ADAM M. COHEN
STEVEN E. COHEN
GARY E. CONSTABLE†
JEFFREY H. DAICHMAN
ARIS HAIGIAN
MITCHELL D. HOLLANDER†
S. REID KAHN**
ROBERT L. LAWRENCE
RONALD L. NURNBERG
GARY E. OSTROFF
ARTHUR M. ROSENBERG†
DAVID R. ROTHFELD
JUDITH A. STOLL
DANA M. SUSMAN†
JEFFREY S. TULLMAN

ALSO ADMITTED
FLA. BAR*
N.J. BAR†
N.J. AND D.C. BAR**

# KANE KESSLER, P.C.

1350 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-4896
(212) 541-6222
FAX: (212) 245-3009
WWW.KANEKESSLER.COM

WRITER'S DIRECT NUMBER

(212) 519-5166
bnegrin@kanekessler.com

PETER R. HERMAN
ROBERT KOLODNEY
BARRY E. NEGRIN†
ROBERT L. SACKS
BRUCE M. SCHLOSS
PAUL E. SZABO
LOIS M. TRAUB
  COUNSEL

MICHAEL A. ZIMMERMAN
  OF COUNSEL

MATTHEW C. CARROLL†
VICTOR I. COHEN
LINDA M. DOUGHERTY†
ARI M. GAMSS
BRENDAN P. HARNEY
MICHAEL C. LYDAKIS
BRENDAN P. McFEELY
MITUL D. PATEL
JACLYN K. RUOCCO†
JONATHAN M. SABIN†
GERARD SCHIANO-STRAIN
MARC S. SILVERSTEIN
ALEXANDER SORIC
JOSEPH J. VENTIMIGLIA
JONATHAN A. ZALKIN

August 4, 2015

**VIA ECF AND FIRST CLASS MAIL**
Hon. William H. Pauley III
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Multimedia Plus, Inc. and Multimedia Technologies, LLC v. PlayerLync LLC*, 14-cv-8216 (WHP)

Dear Judge Pauley:

Plaintiffs Multimedia Plus, Inc. and Multimedia Technologies, LLC. ("Plaintiffs") write in response to Defendant PlayerLync LLC's letter of July 28, 2015 and oppose its request for a pre-motion conference and permission to file a Rule 12(c) motion. The burden of persuasion is too great for Defendant to overcome, the law concerning 35 U.S.C. § 101 ("§ 101") subject matter eligibility is unsettled, and Plaintiffs' asserted patent claims clearly recite eligible subject matter.

First, Defendant's burden under Rule 12(c) is exceptionally high, the same as on a motion under Rule 12(b)(6). *See Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). A court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). A motion for judgment on the pleadings should be granted only when "the complaint cannot state any set of facts that would entitle [plaintiff] to relief." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citation omitted). Because a judgment on the pleadings is a judgment on the merits, it is appropriate only when the "material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988) (citation omitted); *Belmar v. Schriro*, 2011 U.S. Dist. LEXIS 22898, at *4-5 (S.D.N.Y. Mar. 3,

**KANE KESSLER,** P.C.

Honorable William H. Pauley III
August 4, 2015
Page -2-

2011); *Convolve, Inc. v. Compaq Computer Corp.*, 2011 U.S. Dist. LEXIS 152762, *18-19, (S.D.N.Y. Oct. 6, 2011).

  Second, judgment on the pleadings at this early stage is inappropriate given the unsettled nature of the law under § 101. *See Chaluisan v. Simsmetal E. LLC*, 698 F. Supp. 2d 397, 408-409 (S.D.N.Y. 2010). Pursuant to the Supreme Court's jurisprudence in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289 (2012), and other decisions, claims are to be analyzed under the following two-part test: 1) determine whether the claim is directed to an abstract idea; and 2) determine whether any element or combination of elements is sufficient to ensure that the claim amounts to significantly more than the abstract idea itself. Several non-limiting, non-exclusive examples of what amounts to "significantly more" are discussed in *Alice Corp.*: improvements to another technology or technical field; improvements to the functioning of the computer itself; or meaningful limitations beyond generally linking the use of an abstract idea to a particular technological environment. *Id.* Other cases include other non-limiting/non-exclusive examples: effecting a transformation or reduction of a particular article to a different state or thing (*Diamond v. Diehr*, 450 US 175, 184 (1981)); adding a specific limitation other than what is well-understood, routine, and conventional in the field, or adding unconventional steps that confine the claim to a particular useful application (*Mayo v. Prometheus*, 132 S.Ct. at 1299, 1302); and others.

  Many cases since *Alice* have held that, even though an invention is computer-related, the invention is either not directed to an abstract idea in the first place or that there is, in fact, "significantly more" to the claim than merely the abstract idea. *See, e.g., DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014); *Execware, LLC v. BJ's Wholesale Club, Inc.*, 2015 U.S. Dist. LEXIS 92127 (D.Del. Jul. 15, 2015) (user interface that allows a user to construct a query to search a database or other collection of text-based information deemed patent *eligible* because *not* directed to abstract idea *and* contains inventive concept); *Messaging Gateway Solutions, LLC v. Amdocs, Inc.*, 2015 U.S. Dist. LEXIS 49408 (D.Del. April 15, 2015) (method of using a computer system to facilitate two-way communication between a mobile device and an Internet server deemed patent *eligible* because of inventive step); *Cal. Inst. of Tech v. Hughes Commc'ns., Inc.*, 59 F.Supp.3d 974 (C.D.Cal. 2014) (claims focusing on a particular form of error correction code were patent eligible because the asserted claims contained meaningful limitations that represented sufficiently inventive concepts).[1]

  Third, the patent claims asserted in this action are easily subject matter eligible. Claim 1 is representative:

---

[1] Even the US Patent and Trademark Office ("USPTO") is having trouble keeping up with the ever-evolving state of § 101 jurisprudence. The USPTO has issued no fewer than ***three*** sets of guidelines for examining patents for subject matter eligibility since the *Alice* decision was handed down last June: Memorandum from Andrew H. Hirshfeld, Deputy Comm. For Patent Examination Policy re: Preliminary Examination Instructions (June 25, 2014); 79 FR 74618 *et seq.* (2014 Interim Guidance on Patent Subject Matter Eligibility, Dec. 16, 2014); and recently the "July 2015 Update: Subject Matter Eligibility."

**KANE KESSLER,** P.C.

Honorable William H. Pauley III
August 4, 2015
Page -3-

> 1. A hosted learning management training system for training employees, each employee having a unique identifier, comprising:
>
> at least one local computer having a low bandwidth connection;
>
> a high bandwidth training program resident with said local computer, said training program including an interactive test having questions;
>
> a first human-computer interface connected to said local computer enabling an employee to enter answers to said questions in said local computer;
>
> a remote computer server at a central location communicatable with said at least one local computer via said low bandwidth connection and receiving low bandwidth test information from said at least one local computer via said low bandwidth connection; and
>
> a second interface enabling a manager to access said low bandwidth test information on said central server,
>
> wherein when an employee interacts with said training program, said local computer transmits only the employee's identifier and said low bandwidth test information to said central server thereby allowing dynamic managerial oversight.

('025 patent, at col. 8, lines 37-59.)

In *DDR Holdings*, the Federal Circuit found the claims – directed to "making two web pages look the same" by employing "visually perceptible elements" to prevent someone from browsing away from one's web page when clicking on what appears to be a hyperlink – to be **eligible** patent subject matter. 773 F.3d at 1256-58 (quotation marks omitted). If the solely computer-based claims of *DDR Holdings* that pertain to the human activity of viewing web pages are subject matter eligible, then surely the instant claims are subject matter eligible as well. Even a cursory review of Claim 1 above shows both i) specific limitations or unconventional steps that confine the claim to a particular useful application (*see Mayo*, 132 S.Ct. at 1299, 1302), and ii) other meaningful limitations beyond generally linking the claim to implementation via computers (*see Alice Corp.*, 134 S.Ct. at 2360). Defendant's motion is destined to fail.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's request for a pre-motion conference.

Respectfully yours,
/s/ Barry E. Negrin
Barry E. Negrin

cc: Ryan Tyz (*via e-mail:* ryan@tyzlaw.com)
Richard W. Trotter (*via email:* trotter@thsh.com)