USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/15

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

MULTIMEDIA PLUS, INC. AND MULTIMEDIA TECHNOLOGIES, LLC,

    Plaintiffs-Counterdefendants,

-against-

PLAYERLYNC LLC,

    Defendant-Counterclaimant.

Master File No. 14-08216 (WHP)

## [PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

  This matter comes before the Court by stipulation of Plaintiffs Multimedia Plus, Inc. and Multimedia Technologies, LLC (collectively, "Multimedia") and Defendant PlayerLync, LLC ("PlayerLync," together with Multimedia, the "Parties"), for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either Party or their respective counsel, or by any non-party, in the course of discovery in this matter to the extent set forth below (the "Stipulation"). Having found that the Parties, by, between and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown,

  IT IS hereby ORDERED that:

1  This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties agree merit confidential treatment. This Stipulation shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned

action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2  As used herein:

(a) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains non-public, confidential, business or commercially-sensitive information that requires the protections provided in this Stipulation.

(b) "Highly Confidential – Outside Attorneys' Eyes Only Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that the Producing Party reasonably and in good faith believes constitutes and/or contains trade secrets, proprietary or strategic business information, or other information the disclosure of which would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers if disclosed, including but not limited to disclosure to the Receiving Party.

(c) "Highly Confidential Source Code Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "HIGHLY CONFIDENTIAL SOURCE CODE," that the Producing Party reasonably and in good faith believes constitutes or contains computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or

2

structure of software or hardware designs, disclosure of which to another would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(d) "Protected Information" shall mean Confidential Information, Highly Confidential – Outside Attorneys' Eyes Only Information, and Highly Confidential Source Code Information, collectively.

(e) "Producing Party" shall mean the Party to this Litigation and/or any non-party producing Protected Information in connection with discovery in this Litigation, or the party asserting the confidentiality designation, as the case may be.

(f) "Receiving Party" shall mean the Party to this Litigation and/or any non-party receiving Protected Information in connection with discovery in this Litigation.

3. The Parties or any nonparty may designate as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" any document, testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth. Such designation shall subject the information produced or provided under said designation to the provisions of this Stipulation. The Parties or any nonparty may only designate as "Highly Confidential Source Code" Discovery Material described in Paragraph 2(c).

4. Any document produced by any party or non-party in this Litigation may be designated as Confidential, Highly Confidential -- Outside Attorneys' Eyes Only, or Highly Confidential Source Code pursuant to Paragraph 3 by stamping the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," respectively, on the face of

the document, statement on the record of the deposition, written advice to counsel for the Parties hereto, or by other appropriate means, including but not limited to embedding the designation in the file name of the document or noting the designation on the cover letter producing a collection of native electronic documents.

5. A Party may designate as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code any Discovery Material produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel, in writing, of those documents that are to be stamped and treated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential – Outside Attorneys' Eyes Only Information.

6. The Parties or any non-party may designate deposition testimony or any portion of deposition testimony as Protected Information by advising the reporter and counsel of such designation during the course of the deposition, or in writing within 10 days of the receipt of the final deposition transcript. Transcripts will be treated as Highly Confidential – Outside Attorneys' Eyes Only for the 30-day period. Whenever any writing designated as Confidential or Highly Confidential – Outside Attorneys' Eyes Only or Highly Confidential Source Code is identified as an exhibit in connection with testimony given or with any document filed with the Court in this case, it shall be so

marked and separately filed under seal with the Court, when such filing is granted by the Court.

7. The Parties may designate as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code specific responses to discovery requests by labeling the specific response "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE."

8. Whenever any document, testimony, information or material designated as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Court, when such filing is granted by the Court. The parties shall act in good faith and on a reasonable basis when designating material Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code.

9. Nothing in this Stipulation shall be deemed to narrow or widen the scope of permissible discovery before trial or the admissibility of evidence at trial or at any hearing in this matter.

10. The Parties must obtain leave of Court before filing any document under seal. The sealing request shall include (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted; and (2) one partial set of solely those pages on which the party seeks to redact material. If leave is granted, the Parties must file redacted copies with the Clerk of Court.

11. Except upon prior written consent of the party or persons asserting Protected Information treatment or upon further order of a court of competent jurisdiction, Protected Information shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this Litigation.

12. Access to Confidential documents, testimony, information or material shall be limited to:

   (a) In-house counsel for the Parties, and their associated attorneys, paralegals, and other professional personnel (including support staff) who are actually engaged in assisting such counsel in the preparation of this Litigation (subject to paragraph 15 hereof);

   (b) Outside counsel for the Parties and their associated attorneys, paralegals, and other professional personnel (including support staff) who are actually engaged in assisting such counsel in the preparation of this Litigation;

   (c) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are not a Party and are employed, retained or otherwise consulted by counsel or a Party for the purpose of assisting in the prosecution or defense of this Litigation (subject to paragraph 15 hereof);

   (d) The Court and court personnel;

   (e) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

   (f) Officers or employees of the Parties, who are actually engaged in assisting in the prosecution or defense of this Litigation (subject to paragraph 15 hereof);

   (g) Persons who, from the face of the document or based on other reliable information, are either authors or recipients of such Confidential Information;

   (h) Hearing and deposition witnesses, other than the above, whether during such hearing or deposition or for preparation for such hearing or deposition (subject to paragraph 26 hereof); and

        (i)    Any other person agreed to by the parties.

13. Absent written permission from the Producing Party or further order by the Court, the Receiving Party may not disclose Highly Confidential – Outside Attorneys' Eyes Only and Highly Confidential Source Code information to any person other than those identified in paragraph 12(b), (c), (d), (e) and (g).

14. Protected Information shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and for no other purposes. No party shall, for itself or for any person or persons acting on its behalf, make more copies of any Protected Information or material than are reasonably necessary to conduct this Litigation.

15. Protected Information shall not be disclosed to any in-house counsel of a Party (as defined in paragraph 12(a)), to any expert or consultant (as defined in paragraph 12(c)), or to any officer or employee (as defined in paragraph 12(f)) of the Parties, unless and until he/she agrees to be bound by the terms of this Stipulation and executes a declaration in the form attached as Exhibit A. Counsel for the Receiving Party shall provide to counsel for the Producing Party a copy of the Declaration executed by a person described in Paragraphs 12(a), 12(c) and 12(f), no later than ten (10) days before any disclosure of Protected Information is made to such person. In addition, no later than ten (10) days before any disclosure of Highly Confidential – Outside Attorneys' Eyes Only and Highly Confidential Source Code information to any expert or consultant (as defined in paragraph 12(c)), counsel for the Receiving Party must make a written request to the counsel for the Producing Party that (1) identifies the general categories of Protected Information that the Receiving Party seeks

permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, and (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceeding three years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceeding three years. A Party that receives a written objection to such disclosures within five (5) days of the written request to disclose the information shall not disclose any Highly Confidential – Outside Attorneys' Eyes Only or Highly Confidential Source Code information to such expert or consultant until all such objections are resolved. If a timely written objection to such disclosure is made, the parties shall meet and confer to try to resolve the matter by agreement within five (5) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure may file a motion provided by the local rules seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce the risk.

16. Absent written consent from the Producing Party, any individual who reviews Highly Confidential Source Code information shall not for a period of two (2) years following the

8

close of this Litigation, including any appeal, be involved in the prosecution of patent claims or patent applications relating to training programs or the subject matter of the Highly Confidential Source Code information to be produced, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise relating to the patent asserted in this action, before any foreign or domestic agency, including the USPTO. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.

17. Protected Information designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall be subject to all of the protections set forth above. Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the headquarters of the Producing Party unless otherwise agreed by the Parties. The source code shall be made available for inspection on a secured computer and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure there is no unauthorized recording, copying, or transmission of the source code. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in this paragraph in the first instance. The Receiving Party shall maintain a record of any individual who has inspected

any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portion of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, expert reports, or other papers, (2) necessary for deposition, or (3) otherwise necessary for preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given or left with a court reporter or any other unauthorized individual.

17. Each person or entity designated pursuant to Paragraph's 12 and 13 to receive Confidential or Highly Confidential – Outside Attorneys' Eyes Only information pursuant to this Stipulation submits to the jurisdiction of this Court for purposes of enforcement of this Stipulation and any Protective Order entered by the Court.

18. Except as otherwise provided for in this Stipulation, all Protected Information and material shall remain in the possession of counsel for the Receiving Party, and be stored in a secure place.

19. Within thirty (30) days of receipt, the Receiving Party may notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code. The Parties shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If within seven (7) days the Producing Party does not agree to declassify such document or material, the Receiving Party may

move before the Court for an order declassifying those documents or materials. If no such motion is made, such documents or materials shall continue to be treated as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code. If such motion is made, the documents or other materials shall be deemed Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code unless and until the Court rules otherwise.

20. Should any Party or person seek to utilize any Protected Information at trial or a hearing in this matter, the Parties agree that pursuant to Fed. R. Civ. P. 26(c), such material may be introduced as evidence without threatening the confidential nature of the information. The Parties expressly stipulate, and the Court hereby Orders, that any Protected Information introduced at trial or a hearing shall be treated as if filed under seal and any person involved in the trial or hearing shall be directed not to disclose the Protected Information without prior court approval.

21. Copies, printouts, extracts and summaries of Protected Information shall also be treated as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code in accordance with the provisions of this Stipulation. To the extent a Receiving Party prints or copies Protected Information produced in native format, the Receiving Party shall label the documents according to the specified confidentiality designation in accordance with paragraph 4 hereof.

22. Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature as provided in Paragraphs 4 and/or 5 of this Stipulation, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving

11

Party identifying the Discovery Material as Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code within a reasonable time following the discovery that the document or information has been produced without such designation.

23  The production or disclosure of Protected Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

24  A Producing Party's inadvertent disclosure in connection with this Litigation of one or more documents that such Producing Party believes constitute, contain, or reflect information otherwise protected by the attorney-client privilege, the common interest exception to waiver, the work product doctrine, or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the Receiving Party must refrain from further examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged. In the event of alleged inadvertent disclosure of alleged Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return of the alleged Privileged Documents. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents and shall immediately segregate them in a manner

that will prevent further disclosure or dissemination of their contents, and, within ten (10) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall return all original documents identified by the Producing Party in such notice (whether electronic or hard copy), shall destroy or delete any and all copies (whether electronic or hard copy), and shall expunge, from any other document, information or material derived from the inadvertently produced Privileged Documents. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original documents shall nevertheless be immediately returned to the Producing Party and all copies (whether electronic or hard copy) thereof shall be immediately segregated in a manner that will prevent further disclosure or dissemination of their contents. All counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of Privileged Documents. To the extent counsel cannot resolve the issue within ten (10) days, the Receiving Party may bring a motion to compel production of the alleged Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents had already been produced. In the event of a motion to compel production of the alleged Privileged Documents, it shall be the responsibility of the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the alleged Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery, and, if the Court so requests, the Producing Party shall provide the alleged Privileged Documents to the Court for *in-camera* review. Original copies of alleged Privileged Documents shall be returned to the Producing Party

13

during the pendency of any dispute over the status of any alleged Privileged Documents, and any copies thereof (whether electronic or hard copy) shall remain segregated and protected against further disclosure and use.

25  The Parties shall not be required to log as attorney client or work product privileged any communication between a party and outside litigation counsel relating to the Litigation dated on or after the filing of this Litigation.

26  Prior to disclosing Protected Information during any deposition in this Litigation, the disclosing Party shall: (a) provide a copy of this Stipulation to the court reporter, the witness, and others to whom disclosure is intended to be made; (b) explain the Stipulation to said persons and/or cause them to read the Stipulation; (c) request that said persons execute the declaration attached hereto as Exhibit A; and (d) should any said person refuse to execute the declaration, obtain the agreement of the other parties before proceeding that the use of such Protected Information during the deposition shall not negate its treatment as Protected Information pursuant to this Stipulation. Counsel for the Party obtaining a declaration shall supply a copy to counsel for all other parties.

27. Upon termination of this Litigation, all originals and copies of Protected Information (and all summaries thereof) shall, upon request, either be returned to counsel for the Producing Party or destroyed with a Certificate of Destruction provided to the Producing Party. Copies of materials designated Confidential, Highly Confidential – Outside Attorneys' Eyes Only, or Highly Confidential Source Code that have been filed with the Court may be returned to the filing party by the Clerk of Court, or destroyed.

28  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulation,

the Receiving Party must promptly, after discovery of the disclosure by counsel of record, (a) notify the Producing Party of the unauthorized disclosure(s) in writing, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation, and (d) request the Unauthorized Recipient(s) to execute the declaration attached hereto as Exhibit A.

The Parties agree that they would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation by either Party and agree that, under such circumstances, the Parties will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

29. This Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York, including its statutes of limitation, without giving effect to its principles or rules regarding conflicts of laws. The provisions of this Stipulation shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation must be in writing and signed by, or on behalf of, the Parties.

30. This Stipulation is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

31. This Stipulation may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

32. This Stipulation has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

33. In the event that additional parties join or are joined in this Litigation, they shall not have access to Protected Information until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

34. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

35. For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Protected Information, provided that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Stipulation.

36. Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Stipulation so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Stipulation shall apply to such discovery as if such discovery were being provided by a Party.

Under such circumstances, the non-party shall have the same rights and obligations under the Stipulation as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential or Highly Confidential – Outside Attorneys' Eyes Only pursuant to Paragraphs 4 and 5 as set forth herein.

37  This Stipulation shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

38  Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

39.  This Stipulation shall be binding on, and inure to benefit of, the parties hereto and their agents, employees, employers, successors, assigns, heirs, administrators, agents, and representatives.

40.  This Stipulation may be modified or amended by agreement of the Parties or by order of the Court for good cause shown.

SO ORDERED:

_____  8/5/15
WILLIAM H. PAULEY III
U.S.D.J.

IT IS SO STIPULATED:

| | |
|---|---|
| **TANNENBAUM HELPERN SYRACUSE & HIRSHTRITT LLP**<br>*Attorneys for Defendant-Counterclaimant* | **KANE KESSLER, P.C.**<br>*Attorneys for Plaintiffs-Counterdefendants* |
| By: */s/ Ryan Tyz* | By: */s/ Barry E. Negrin* |
| Paul D. Sarkozi<br>Richard W. Trotter<br>900 Third Avenue<br>New York, NY 10022 | Barry E. Negrin<br>Gerard Schiano-Strain<br>Jonathan M. Sabin<br>1350 Avenue of the Americas<br>New York, New York 10019<br>(212) 541-6222 |

*Of Counsel*
Ryan Tyz
Tyz Law
28 2nd Street, 3rd Floor #3119
San Francisco, California 94105

**APPROVED AND SO ORDERED** this _____ day of [     ], 2015

BY THE COURT:

_____
HONORABLE WILLIAM H. PAULEY III
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXHIBIT "A"

## DECLARATION FOR THE USE OF CONFIDENTIAL INFORMATION

1. I _____, acknowledge that I am about to review confidential information produced in the matter of <u>Multimedia Plus, Inc. and Multimedia Technologies, LLC v. Playerlync LLC, No. 14-08216</u>, which is pending in the United States District Court for the Southern District of New York.

2. I have read the Confidentiality Stipulation and Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3. I will not utilize any documents or any information contained therein for any purpose other than this litigation. I further affirm that I will not reveal the confidential material to, nor discuss it with, anyone, except in accordance with the terms of the Confidentiality Stipulation and Protective Order.

4. At the termination of this litigation, I will return to the attorney providing confidential materials to me any and all copies, summaries or abstracts of same, and documents related thereto.

5. I submit to the jurisdiction of the United States District Court for the Southern District of New York as necessary to enforce the provisions of the Confidentiality Stipulation.

_____

Dated:_____