UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MULTIMEDIA PLUS, INC., *et ano.*,

                           Plaintiffs,      :      14cv8216

                  -against-      :      OPINION & ORDER

PLAYERLYNC, LLC,

                           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Multimedia Plus, Inc. and Multimedia Technologies, LLC ("Multimedia") move, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3, for reconsideration of this Court's July 29, 2016 Opinion and Order (the "Order"). In that Order, this Court granted Defendant PlayerLync, LLC's motion for judgment on the pleadings and dismissed the action. See Multimedia Plus, Inc. v. Playerlync, LLC, --- F. Supp. 3d. ----, 2016 WL 4074439, at *1 (S.D.N.Y. July 29, 2016). Multimedia's motion for reconsideration is denied.

## BACKGROUND

        In November 2007, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,293,025 (the "'025 Patent") for a "Hosted Learning Management System and Method for Training Employees and Tracking Results of Same." The '025 Patent maintains large media files locally while transmitting minimal data to a centralized server for analysis. Specifically, the patent describes a local computer (or smartphone) with training software and high-bandwidth media installed by CD-ROM, DVD, or a one-time download, without the need for a high-bandwidth connection. The employee's computer then

-1-

transmits the test information (employee ID, answers to questions, etc.) to a remote, central server via a low-bandwidth connection that can be accessed by the employee's manager or test-administrator. Importantly, because the "large training program . . . need not be transmitted at all," the Hosted Learning Management System enables employees to take tests and submit answers without burdening the local data line. (See '025 Patent 2:43–59.)

In October 2014, Multimedia commenced this lawsuit alleging that PlayerLync infringed the '025 Patent. PlayerLync moved for judgment on the pleadings, asserting that the patent was invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter. In July 2016, this Court granted PlayerLync's motion and dismissed the action.

Multimedia advances three arguments in its motion for reconsideration. First, Multimedia asserts that recent Federal Circuit decisions warrant a different outcome. Second, it argues that a decision by another district judge, which was cited by this Court, has been vitiated by Judge Forrest's sua sponte decision to reconsider that ruling. Third, it contends that this Court overlooked a "key factual issue," namely that a learning management training system is a specific technology.

LEGAL STANDARD

"[A] motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and a motion for reconsideration under Local Civil Rule 6.3 are assessed under the same standard. Oocl (USA) Inc. v. Transco Shipping Corp., No. 13-cv-5418 (RJS), 2016 WL 4481153, at *1 (S.D.N.Y. Aug. 23, 2016). A motion for reconsideration is not an opportunity "to obtain a second bite at the apple." Indergit v. Rite Aid Corp., 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014); De Los Santos v. Fingerson, No. 97-cv-3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998) ("Reconsideration is not an invitation for parties to treat

the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." (internal quotation marks omitted)).  "The standard . . . is strict" and such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Fabricio v. Artus, No. 06-cv-2049 (WHP), 2013 WL 2126120, at *1 (S.D.N.Y. Apr. 18, 2013).  Ultimately, "the decision is within the sound discretion of the district court."  Fabricio, 2013 WL 2126120, at *1.

## DISCUSSION

As a preliminary matter, this Court notes that Multimedia characterizes two recent Federal Circuit opinions as "controlling and relevant."  However, two of the opinions to which Multimedia cites—Enfish, LLC v. Microsoft Corp., 822 F.3d 1327, 1336 (Fed. Cir. 2016), Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC, 827 F.3d 1341 (Fed. Cir. 2016)— were decided by the Federal Circuit prior to this Court's Order.  If Multimedia believed these Federal Circuit precedents were "controlling and relevant," it was required to bring them to this Court's attention through a notice of supplemental authority.  Instead, Multimedia remained quiet, presumably either because it did not believe the authorities were "controlling and relevant" or because it wanted to preserve an opportunity for a second bite at the apple in the event this Court granted Defendant's motion for judgment on the pleadings.

In any event, Multimedia's argument that recent Federal Circuit opinions warrant reconsideration is unpersuasive.  The Enfish and Bascom decisions do not change existing law;

they merely apply it.¹  See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) ("A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks omitted)).

        Moreover, this Court's patent-ineligibility ruling is not inconsistent with the Federal Circuit authorities Multimedia now cites.  For instance, in Enfish, 822 F.3d at 1336, the Federal Circuit held that an "innovative logical model for a computer database," "embodied in [a] self-referential table," was patent-eligible subject matter under step one of the Alice test.  The Federal Circuit explained that "the first step in the Alice inquiry . . . asks whether the focus of the claims is on the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." Enfish, 822 F.3d at 1335–36.  The Federal Circuit contrasted the Enfish patent with other patents that merely "recited generalized steps to be performed on a computer using conventional computer activity."  Enfish, 822 F.3d at 1338.  The patent in Enfish was "a specific type of data structure designed to improve the way a computer stores and retrieves data in memory" and that "the plain focus of the claims is on an improvement to computer functionality itself."  Enfish, 822 F.3d at 1336, 1339; Bascom, 827 F.3d 1341 ("The Enfish claims, understood in light of their specific limitations, were unambiguously directed to an improvement in computer capabilities.").

        Here, by contrast, the '025 Patent describes "a system and method of training employees via a hosted learning management training system."  The focus of the claims is not on

---

¹ In a September 15, 2016 letter, Multimedia cited to an additional Federal Circuit opinion: McRO, Inc. v. Bandai Namco Games Am. Inc., --- F.3d ----, 2016 WL 4896481 (Fed. Cir. Sept. 13, 2016).  This opinion is similarly unpersuasive.

an improvement to computer functionality, but on the administration of a test. As this Court previously explained, "the claims merely recite, in broad and generic terms, steps that are equivalent to those one could take in the physical world." Multimedia, 2016 WL 4074439, at *5. Thus, unlike the self-referential database in Enfish, the '025 Patent is directed at an abstract concept.

In Bascom, the Federal Circuit held that a filtering scheme was patent-eligible subject matter under step two of the Alice test. The Federal Circuit explained that if a patent fails step one of the Alice framework, "the court must then consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." Bascom, 827 F.3d at 1347. Individually, the claims "recite[d] generic computer, network, and Internet components, none of which is inventive by itself." Bascom, 827 F.3d at 1349. But as a combination, the claims described an "inventive concept" in a filtering tool that was "versatile enough that it could be adapted to many different users' preferences while also installed remotely in a single location." Bascom, 827 F.3d at 1350.

Like Bascom, and as explained in the Order, the individual claims here "merely recite well-understood, routine, conventional computer components or functions, previously known to the industry." Multimedia, 2016 WL 4074439, at *5 (internal quotation marks omitted). But unlike Bascom, the ordered combination of the '025 Patent claims does not transform the abstract idea into patent-eligible subject matter. Multimedia, 2016 WL 4074439, at *5.

Time and again, Multimedia reiterates that the '025 Patent "maintain[s] high bandwidth content locally and transmit[s] low bandwidth results." But installing large media

files locally so that only minimal data needs to be transmitted through the network is how the internet functioned before high-speed data-streaming and how it continues to function in large part now. For example, iPhone gamers playing Candy Crush can make a one-time download of an app onto their smartphones (install employee training video locally), play the app (take the test), have their scores sent to a central server using minimal data (same), and receive a world-wide ranking (have the test results evaluated and returned). Gamers do not have to download Candy Crush (the employee training video) each time they play. Similar examples abound back to the early days of the internet.

The '025 Patent simply copies and pastes this generic model onto the abstract concept of test-administration. Thus, "simply because some of the claims narrowed the scope of protection through additional 'conventional' steps for performing the abstract idea, they did not make those claims any less abstract." Bascom, 827 F.3d at 1352; Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 715 (Fed. Cir. 2014) ("[T]he limitations of the [patent] do not transform the abstract idea . . . into patent-eligible subject matter because the claims simply instruct the practitioner to implement the abstract idea with routine, conventional activity.").

For its second argument, Multimedia asserts that the Order "relied heavily" on TNS Media Research, LLC v. Tivo Research & Analytics, Inc., No. 11-cv-4039 (SAS), 2016 WL 817447 (S.D.N.Y. Feb. 22, 2016), which was reconsidered by its successor judge, Judge Forrest. But this Court cited TNS for generic legal propositions that remain good law. Each citation to TNS simply quoted from another case, was part of a string cite, or explained what "courts have routinely" done. TNS, 2016 WL 817447, at *10. And this Court had its pick of other cases to cite for the same legal principles. See, e.g., Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. 91, 114 (2011) (Breyer, J., concurring). Further, Judge Forrest did not conclude that TNS

was wrong on the law; rather, she explains that the prior district judge "may have misapprehended the patent."  See TNS Media Research, LLC v. Tivo Research & Analytics, Inc., No. 11-cv-4039, ECF No. 270, at 2.

Finally, Multimedia argues that this Court "overlooked a key factual issue," namely, articles explaining that a Hosted Learning Management System "is a specific technological system designed for corporate training . . . and not merely a generic computer." (Pl. Br., at 14.)  However, those articles only describe a Hosted Learning Management System.  And the '025 Patent's mere invocation of that term does not transform the claims into patent-eligible subject matter.  Moreover, "[i]n adjudicating a [Rule 12(c) motion], a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."  In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013).  The articles referred to by Multimedia were not properly before this Court on a motion for judgment on the pleadings as they were larded to a declaration as exhibits in opposition to Defendant's motion for judgment on the pleadings.  (See ECF No. 51.)  Ultimately, a more detailed explanation of a Hosted Learning Management System does not alter this Court's interpretation of claims in the '025 patent.

At bottom, Multimedia fails to "point to [any] controlling decisions or data that [were] overlooked . . . [and] that might reasonably be expected to alter the conclusion reached by th[is] court."  Fabricio, 2013 WL 2126120, at *1.

CONCLUSION

For the foregoing reasons, Multimedia's motion for reconsideration is denied.

Dated: October 4, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.